# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY BATES, | ) | CASE NO.  1:11cv1212 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| THE UNION CLUB COMPANY, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is *pro se* Plaintiff Anthony S. Bates's *in forma pauperis* (IFP) Complaint against his former employer, the Union Club Company, Inc. ("the Club"), and William F. McComas, Ph.D at the University of Arkansas. Mr. Bates notes that he was granted IFP status in a case he previously filed in this Court and has now "refiled pursuant to LR [Local Rule] 3.1 and restates his firing was a result of prejudice, discrimination, and discriminatory deprivation of employment opportunities."[1] (Compl. at 3.) He asserts his civil rights were infringed by acts of the defendants in violation of 42 U.S.C. §§ 1981, 1985, 1986, and Title VII of the Civil Rights Act of 1964, Title VII 703(a)(1) & (a)(2), 42 U.S.C. §§ 2000e-2(a)(1) & 2000e-5. He seeks to be put "back on the utility level occupied before this tortuous act," as well as $2,286,938.00 in compensatory and punitive damages.

## BACKGROUND

Mr. Bates states he is an African American male who was hired by the Club on

---

[1] Mr. Bates filed a civil rights complaint in this Court on March 2, 2010. *See Bates v. Union Club, et al.*, No. 3:10cv0442 (N.D. Ohio filed Mar. 2, 2010) (Zouhary, J.). The case was dismissed with prejudice on May 10, 2010.

September 2, 2000 as a part-time second shift receptionist. When his employer was unable to fill a part-time opening for the third shift, Mr. Bates was promoted to full-time status, including benefits. Several years after his promotion, his employment responsibilities were changed to include building security. He remained in the Club's employ until his termination on July 13, 2009.

The balance of Mr. Bates's Complaint describes the Club as a private entity where "all African American males in its employment are *domestic service workers:* in accordance with Ohio Administrative Code 4141-5 domestic service workers legally are not construed as employees in such private member clubs." (Compl. at 2) (emphasis in original). He believes this is an important "legal remark" for this Court to denote his services "as *non-domestic*, and he being the *sole* African-American male employee over the age of 40, whom possessed an MBA and Master of Science in Strategic Intelligence degree(s)." (Compl. at 3) (emphases in original).

He alleges three administrative managers, with fewer years of service than he, stated he had become a serious detriment to the Club's reputation. These managers defamed him by calling him a "liar" and "derelict." (Compl. at 3.) These statements were made in spite of Mr. Bates's nine years of above average service "with letters of recommendation detailing him as being an asset to the company." (Comp. at 3.) He complains that, while he was fired because his actions were seriously detrimental to the company, no Caucasian male who worked at the reception desk was ever fired for that reason.

Mr. Bates alleges he was denied equal opportunity for promotions from 2006 until 2009. Since 2005, he was also denied higher paying administrative management

positions, in spite of his qualifications. Instead of promoting Mr. Bates, the Club hired Caucasian females outside of the organization. After two of these women resigned from the position of Membership/Marketing Director, Mr. Bates was not considered for the promotion. Again, a Caucasian female was hired for the position. He notes that company policy does not require all open or newly created positions to be filed from external sources, despite the Club's decision to do so. He concludes that the Club preferred to hire Caucasian female employees for administrative/clerical management and support positions.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). *Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction of *pro se* pleadings is not without limits, however. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### *Res Judicata*

Mr. Bates's Complaint is barred by the doctrine of *res judicata*. The doctrine of

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*res judicata*, or claim preclusion, prevents a party from relitigating a claim that has already been decided by the court. Under *res judicata*, a final judgment on the merits of an action bars relitigation between the same parties or their privies on issues that were or could have been raised in that action. *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 467 n.6 (1982); *Vinson v. Campbell County Fiscal Court*, 820 F.2d 194, 197 (6th Cir.1987). It "ensures the finality of decisions." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (superseded on other grounds by the Bankruptcy Code). The Sixth Circuit has held that a claim will be barred under the doctrine of claim preclusion if the following four elements are present: (1) a final decision on the merits; (2) a subsequent action between the same parties or their privies; (3) an issue in a subsequent action which should have been litigated in the prior action; and (4) an identity of the causes of action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995), *cert. denied*, 517 U.S. 1220 (1996).

    Mr. Bates previously filed a civil rights action in this Court against the Club and Dr. William McComas. *See Bates*, No. 3:10cv0442. In that action, he alleged the defendants violated 42 U.S.C. §§ 1981, 1983, 1985, 1986, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and various state laws. *Id.* He complained that his firing from the Club on July 13, 2009 was a "breach of explicit and implied-in-fact permanent employment." (*Id.*, Compl. at 5.) He elaborated that the Club "created mandatory procedures and practices" which only went into effect during his shift. He traced the Club's actions back to 2004-2005. The detailed facts involving Dr. McComas, while not discussed in this Complaint, were set forth as the basis for his termination in his 2010 complaint.

    On May 10, 2010, Judge Zouhary issued a Memorandum Opinion and Order

dismissing Mr. Bates's complaint on the merits. *Id.* at Dkt.3. Judge Zouhary determined that Mr. Bates failed to state a claim for relief under 42 U.S.C. §§ 1981, 1983, 1985, 1986, or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. A subsequent Motion to Vacate was also filed by Mr. Bates in that action, and denied on July 23, 2010.

The doctrine is clear that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). That judgment was issued on May 10, 2010. Mr. Bates's attempt to sue the Club and Dr. McComas again seeking the same damages, under the same theory of law, during the same relevant time period is barred. The doctrine requires a party to bring in one litigation all its claims arising from a particular transaction. *See Kane*, 71 F.3d at 560. Therefore, Mr. Bates's attempt to relitigate the same operative facts surrounding his termination from employment with the Club is unavailing. Moreover, this Court is "empowered to raise *res judicata sua sponte*." *Holloway Const. Co. v. U.S. Dept. of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) (citing *United States v. Sioux Nation of Indians*, 448 U.S. 371, 432 (1980)). Thus, in the interests and the promotion of judicial economy, this action is dismissed on the basis of *res judicata*. *See Sioux Nation*, 448 U.S. at 432.

## CONCLUSION

For the foregoing reasons, Mr. Bates's Motion to Proceed *In Forma Pauperis* is granted and this case is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: September 27, 2011

                **HONORABLE SARA LIOI**
                **UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial Court certifies that it is not taken in good faith.